IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIRACLE LUST, on behalf of herself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> LFT CLUB OPERATIONS COMPANY, INC., d/b/a LIFETIME FITNESS BURR RIDGE, AN ILLINOIS CORPORATION AND SHQIPE LEKAJ, INDIVIDUALLY <br><br> Defendants. | No. 1:19-cv- <br><br> **Honorable Judge** <br><br> Magistrate Judge <br><br> *JURY DEMAND* |

## COMPLAINT

NOW COMES Plaintiff, **MIRACLE LUST,** on behalf of herself and all other Plaintiffs similarly situated, by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for her Complaint against Defendants, **LFT CLUB OPERATIONS COMPANY, INC., d/b/a LIFETIME FITNESS BURR RIDGE, AN ILLINOIS CORPORATION AND SHQIPE LEKAJ, INDIVIDUALLY**, (each a "Defendant", collectively the "Defendants), states as follows:

**I.     NATURE OF ACTION**

1.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq*.

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III. THE PARTIES

3. Defendant, **LFT CLUB OPERATIONS COMPANY, INC., D/B/A LIFETIME FITNESS BURR RIDGE,** owns and operates a fitness center located at 601 Burr Ridge Pkwy, Burr Ridge, IL 60527. Defendant **LFT CLUB OPERATIONS COMPANY, INC., D/B/A LIFETIME FITNESS BURR RIDGE,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant, **SHQIPE LEKAJ,** is the general manager of the Lifetime Fitness Burr Ridge facility owned and managed by the corporate Defendant, **LFT CLUB OPERATIONS COMPANY, INC., D/B/A LIFETIME FITNESS BURR RIDGE,** and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is/was an "employer".

5. Plaintiff, **MIRACLE LUST** (hereinafter referred to as "Plaintiff") is a current employee of Defendants who has worked for Defendants as an Operations team member since approximately January 2016. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week.

6. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who work or worked for Defendants and were also not paid an overtime premium at a rate of one and one-half their regular rates of pay for hours worked in excess of 40 in a workweek. As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

**IV.     STATUTORY VIOLATIONS**

**Collective Action Under The Fair Labor Standards Act**

7. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

8. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*., Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Illinois Wage Payment and Collection Act**

9. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by Plaintiff to recover final compensation of wages and other compensation earned from the Defendants. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

V.  **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

10. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

11. Plaintiff, on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

12. Plaintiff has been employed by Defendants since approximately January 2016.

13. Plaintiff is employed as an Operations team member and performs duties related to attending the front desk, greeting club members and cleaning the facility, (i.e. mopping, sweeping, trash removal, towel collection, laundry, etc.) as well as other general labor duties at the club facility.

14. From approximately January 2016 to April 2016 and November 2016 to present, Plaintiff's minimum schedule was approximately 10:00 p.m. to at least 6:00 a.m. five (5) days per week. Plaintiff did not receive or otherwise take a meal break during shifts.

15. From approximately April 2016 to October 2016, Plaintiff's minimum schedule was approximately 7:00 a.m. to at least 3:00 p.m. five (5) days per week. Plaintiff did not receive or otherwise take a meal break during shifts.

16. Plaintiff was frequently required by Defendants to work additional shifts on top her regular schedules as described above, including two or three consecutive shifts given insufficient staffing in the operations department. These extra shifts, in addition to the regular shifts referenced above, resulted in Plaintiff working as much as seventy (70) hours in a work week. Despite these extra shifts, Plaintiff was not paid at a rate of time and one-half for such overtime eligible hours in excess for forty (40) in a work week.

17. During Plaintiff's employment with Defendants, she was paid $9.00 per hour between approximately January 2016 and December 2017. Plaintiff has been paid $10.00 per hour from January 2018 to present.

18. Plaintiff worked in excess for forty (40) hours in many, if not all, workweeks during her employment without pay at a rate of time and one half her regular hourly rates of pay for such hours.

19. Plaintiff was denied time and one half her regular rates of pay for hours worked over 40 in a workweek pursuant to the requirements of the federal and state statutes relied upon herein.

20. Beginning in approximately November 2018, Defendants began to pay Plaintiff less than all of her regular rate wages earned for work performed up to 40 hours, as well as failing to pay her overtime pay. Plaintiff, in weeks in which she worked at least 40 hours in a week was paid less than her full, regular pay for those hours. Defendants provided no reason as to why Plaintiff was not paid her entire earned wages. Defendants'

5

practice of refusing to pay Plaintiff all straight time wages earned is ongoing as of the filing of this Complaint.

21. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.

22. The claims brought herein by Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

23. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-23. Paragraphs 1 through 23 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 23 of this Count I.

24. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to

6

compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

25. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-25. Paragraphs 1 through 25 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 25 of Count II.

26. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and

custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

27. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

### COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-27. Paragraphs 1 through 27 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 27 of Count III.

28. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or

reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

29. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-29. Paragraphs 1 through 29 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 29 of this Count IV.

30. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

31. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the

amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

32. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

33. Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT

1-33. Paragraphs 1 through 33 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 33 of this Count V.

34. Plaintiff, and members of the Plaintiff Class, were each an "employee" under the IWPCA, 820 ILCS § 115/2.

35. Plaintiff, and members of the Plaintiff Class, were not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

36. The Defendants were each an "employer" under the IWPCA, 820 ILCS § 115/2.

37. During his employment, the Defendants improperly deducted from the pay of the Plaintiff, and members of the Plaintiff Class, business expenses and other business losses incurred, in violation of the IWPCA. Plaintiff, and members of the Plaintiff class, as employees, cannot be held responsible for losses incurred by Defendants during the normal course of business. Defendants failed to tender Plaintiff and members of the Plaintiff Class their total earned compensation, by way of improper deductions, in accordance with the Act.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding them:

(a) A judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due Plaintiff;

(b) Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

(c) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 05/17/19*

_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiffs, and all other Plaintiffs similarly situated, known or unknown.