IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MIRACLE LUST,** on behalf of herself, and all other plaintiffs similarly situated, known and unknown, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:19-cv-03344 |
| v. | ) **Honorable Judge Steven C. Seeger** |
| **LTF CLUB MANAGEMENT COMPANY, LLC D/B/A LIFETIME FITNESS BURR RIDGE, AN ILLINOIS LIMITED LIABILITY COMPANY,** | )<br>)<br>)<br>) |
| Defendant. | ) |

**PARTIES' JOINT MOTION FOR APPROVAL OF
<u>INDIVIDUAL SETTLEMENT</u>**

NOW COME the Parties, Plaintiff **MIRACLE LUST** and Defendant, **LTF CLUB MANAGEMENT COMPANY, LLC D/B/A LIFETIME FITNESS BURR RIDGE, AN ILLINOIS LIMITED LIABILITY COMPANY,** and for their Joint Motion for Approval of Individual Settlement, state as follows:

1. In her Third Amended Complaint, Plaintiff alleges Defendant violated the Fair Labor Standards Act (FLSA) and Illinois Minimum Wage Law (IMWL) relating to purported off-the-clock work. Plaintiff purported to assert her FLSA claims as a collective action, and her IMWL claims as individual claims – claims which had been pled on a class action basis in prior versions of her lawsuit. (ECF No. 31).

2. Plaintiff initially filed claims for which she requested class treatment under Fed. R. Civ. P. 23, as well as collective action treatment under the provisions of the FLSA. (ECF No. 1). After thorough investigation of potential class and collective treatment of Plaintiff's claims, and

having a desire to resolve her case individually, Plaintiff Lust has filed a Stipulation to dismiss any collective and/or class allegations contained in the Third Amended Complaint. (*See* ECF No. 46.)

3. During the litigation, Plaintiff Lust did not move the Court for class or collective certification and thus, no ruling by the Court was ever made on any such issues. This settlement is of Plaintiff's individual claims only. Any claims possessed by other would-be putative class or collective members, if any, are unaffected and undisturbed by this action and this proposed individual settlement. Plaintiff's counsel does not currently represent any other individuals seeking to bring such claims. No Consents to Pursue Claims as Party Plaintiff have been filed in this action. (*See* Docket).

4. Defendant denies Plaintiff is owed additional compensation and denies any violations of the FLSA, IMWL, or any of the other statutes asserted in prior versions of Plaintiff's lawsuit. Defendant also vigorously disputes that Plaintiff's claims were or are capable of adjudication on a class or collective basis.

5. Defendant has provided Plaintiff's counsel extensive documentation including but not limited to time and payment records for Plaintiff for the time period at issue in the Complaint. Defendant also provided the sworn declarations of Plaintiff's co-workers who attested under penalty of perjury that they had been paid for all time worked.

6. Plaintiff's counsel has invested significant time and effort in conferring with Plaintiff, calculating the amount they believe Plaintiff is owed, and assessing the risks and benefits associated with continued litigation of Plaintiff's claims, either individually or on a class/collective basis.

7. There are *bona fide* disputes between Plaintiff and Defendant regarding key issues including but not limited to the scope of Plaintiff's alleged work off the clock, the number of

overtime hours for which Plaintiff claims she is entitled to compensation, whether any alleged violation of the FLSA was "willful," and the manner of calculating any alleged back pay and liquidated damages.

8. Through their counsel, Plaintiff and Defendant engaged in extensive settlement negotiations, including multiple telephone conversations, exchanges of written correspondence, and in-person meetings.

9. As a result of negotiations between Defendant and Plaintiff, Plaintiff has agreed to settle her claims against Defendant. The terms of the agreement are memorialized in a separate Settlement Agreement and Release (referred to herein as the "Settlement Agreement"). The Settlement Agreement is attached as **Exhibit A.**

10. The Settlement Agreement provides for payment of alleged back wages to Plaintiff. Plaintiff and Plaintiff's counsel believe that the amounts to be paid to Plaintiff represents a reasonable compromise of Plaintiff's claims based upon the Parties' respective assessments of the alleged hours worked by Plaintiff, the payroll records produced by Defendant, the strengths and weaknesses of Plaintiff's claims and Defendant's defenses, and the inherent risks of litigation.

11. The Settlement Agreement also provides for Defendant to pay Plaintiff's alleged attorney's fees and costs of suit.

12. When an employee brings a private action against his employer or former employer under the FLSA or the IMWL, a wholly private settlement between the parties is generally not enforceable. Consequently, in such a situation the parties present to the Court a proposed settlement, so the Court may enter a stipulated judgment dismissing the case after examining the settlement to ensure that it is a fair and reasonable resolution of a *bona fide* dispute under the FLSA. *See Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); see also

*Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) and *Binissia v. ABM Indus., Inc.*, 2017 WL 4180289, at *2 (N.D. Ill. 2017).

13. The Parties agree and stipulate that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* dispute both as to liability and the amount of any compensation and statutory or liquidated damages allegedly owed under the FLSA and/or the IMWL, including Plaintiff's attorneys' fees and costs. Accordingly, the Parties ask the Court to enter an order approving the Settlement Agreement.

14. Upon the Court's granting of this Motion, the Parties have agreed that Plaintiff will file a Stipulation To Dismiss the case without prejudice, with an automatic conversion to "with prejudice" on a date certain 14 days after Defendant's tendering of the settlement proceeds.

WHEREFORE, the Parties respectfully ask the Court to approve the Settlement Agreement between Plaintiff and Defendant. Upon approval of the Settlement Agreement, the Parties ask the Court to dismiss this case without prejudice, and to order that the dismissal will convert to a dismissal with prejudice as set forth in the forthcoming stipulation for dismissal.

Dated: January 27, 2020                                   Respectfully submitted,

By: /s/John William Billhorn                              By: /s/ Melissa A. Siebert
    John William Billhorn                                  Melissa A. Siebert
    Samuel D. Engelson                                     Erika A. Dirk
    BILLHORN LAW FIRM                                      SHOOK HARDY AND BACON, L.L.P.
    53 West Jackson Blvd., Suite 840                       111 South Wacker Drive, Suite 4700
    Chicago, IL 60604                                      Chicago, IL 60606
    Tel.: (312) 853-1450                                   Tel.: 312.704.7700; Fax: 312.558.1195
    jbillhorn@billhornlaw.com                              masiebert@shb.com
    sengelson@billhornlaw.com                              eadirk@shb.com

*Attorneys for Plaintiff Miracle Lust*                    *Attorneys for Defendant LTF Club*
                                                              *Management Company, LLC*
                                                               *d/b/a Lifetime Fitness Burr Ridge*

# EXHIBIT A

# **SETTLEMENT AGREEMENT**
# **AND GENERAL RELEASE**

This Settlement Agreement and General Release ("Agreement") is between Miracle Lust ("you" or "Plaintiff") and LTF Club Management Company, LLC and its parents, affiliates, and subsidiaries (collectively, the "Company" or "Defendant"). Collectively, you and the Company are referred to herein as "the Parties." In consideration of the mutual promises contained in this Agreement, the Parties agree as follows:

WHEREAS, Plaintiff filed a Complaint, Amended Complaint, First Amended Complaint, and Second Amended Complaint, seeking to bring class action and collective action claims against the Company for purported wage and hour law violations;

WHEREAS, Plaintiff's Third Amended Complaint is currently pending before the Court, alleging collective action claims under the Fair Labor Standards Act (FLSA) and an individual claim under the Illinois Minimum Wage Law (IMWL). Plaintiff's Third Amended Complaint has abandoned any class action claim under the IMWL or any other state wage and hour law, and Plaintiff no longer seeks to bring such class claims. Plaintiff has or will move the Court for dismissal of any collective action or class action claims under the FLSA or IMWL that remained or were intended to remain part of the Third Amended Complaint and/or the Action;

WHEREAS, together, Plaintiff's previously filed and currently pending Complaints referenced above and filed in *Lust v. LTF Club Mgmt. Co.*, No. 1:19-cv-03344 (N.D. Ill. filed May 17, 2019), together constitute the Action.

WHEREAS, there have been no consents to participate as party plaintiff, commonly known as opt-in forms, filed in the action.

WHEREAS, Billhorn Law Firm has represented that it does not currently represent any other current or former employee of LTF Club Management Company, LLC or any of its parents, affiliates, or subsidiaries, and has not made any effort to represent such individuals.

1. <u>The Released Parties</u>. The "Released Parties" include: Shqipe Lekaj, the Company, and any and all former or current parents, affiliates, subsidiaries, related companies, predecessors, successors, assigns, divisions, officers, directors, trustees, shareholders, employees, attorneys, advisors, agents, insurers, employee benefit or welfare programs or plans (including the administrators, trustee, fiduciaries, and insurers of such program or plan), and other representatives of the Released Parties. Through this Agreement, you are providing a release to all of the Released Parties.

2. <u>The Action</u>. Although the Parties dispute the circumstances surrounding your departure from the Company, following your last day of work, you filed a lawsuit against the Company and Shqipe Lekaj, *Lust v. LTF Club Mgmt. Co.*, No. 1:19-cv-03344 (N.D. Ill. filed May 17, 2019).You subsequently dismissed Ms. Lekaj without prejudice.

3. <u>Desired Resolution</u>. The Parties enter into this Agreement because they desire to

resolve the Action, as well as any and all other disputes, claims, and/or allegations you have made, or could have made, up through and including the date you sign this Agreement.

     4.     <u>No Admission of and No Liability</u>. This Agreement is not an admission by the Company, Ms. Lekaj, or you of any wrongful or unlawful act, and the Parties agree that it will not be interpreted as such.

     5.     <u>Consideration</u>. In exchange for your releases and covenants in this Agreement, and in complete settlement of the Action, and any and all other disputes, claims, and/or allegations you could have asserted of any kind or nature related to your employment or cessation of your employment with the Company, up through and including the date you sign this Agreement, the Company agrees to make payment in the total amount of $20,000 allocated as follows:

    (a)    $5,000 (five thousand dollars and zero cents) less all applicable federal and state deductions and withholdings, allocated to alleged lost wages, payable to "Miracle Lust." You will provide a newly completed IRS Form W-4 and understand that the Company will issue you an IRS Form W-2 for such payment in the ordinary course of business.

    (b)    $15,000 (fifteen thousand dollars and zero cents) payable to "Billhorn Law Firm," which constitutes payment for your attorneys' fees and costs. The Company will issue you and "Billhorn Law Firm" an IRS Form 1099 for such payment in the ordinary course of business. Billhorn Law Firm will provide an IRS Form W-9 for such payment.

The payments in Paragraphs 5(a) and 5(b) will be made within fifteen (15) calendar days after all of the following have occurred, which are all conditions precedent to payment: (1) you and your counsel have provided the applicable IRS Forms to the Company's counsel; (2) you have signed this Agreement and your counsel has provided a signed copy to the Company's counsel; (3) the Court has issued an approval of this fully-executed Agreement as to all of its terms, as set forth in Paragraph 9; and (4) you have filed a stipulated dismissal, as set forth in Paragraph 9. All of the above are conditions precedent to the Company's payment of the amounts set forth in this Paragraph. 5.

     6.     <u>Mutual Release</u>.

    (a) Release by Plaintiff. In exchange for the covenants of the Company, you, on your own behalf and on the behalf of your heirs, attorneys, agents, insurers, administrators, executors, successors, assigns, and/or other representatives, agree to forever and do forever give up, release, and discharge any and all known and unknown claims, demands, actions, decisions, alleged omissions, events, liabilities, damages, and/or rights of any kind that you have and/or may have from the beginning of time up through and including the date you sign this Agreement against the Released Parties. Your release includes, but is not limited to, the claims asserted in the Action, and any and all claims you made or could have made against the Released Parties.

You understand that your release includes, but is not limited to, claims under Minn. Stat.

Chapter 181; the Illinois Human Rights Act, 775 ILCS 5/1, et seq.; the Illinois Minimum Wage Law, 820 ILCS § 105/1, et seq.; the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq.; the Cook County Minimum Wage Ordinance; claims brought under any Minnesota or Illinois, Cook County, or other state or local administrative statutory or codified law or statute or regulation dealing with fair employment practices; the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq.; the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et seq.; the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq.; the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq.; and any other federal, state, or local law, rule, statute, or regulation. You further understand that this release includes, but is not limited to, all claims that you have or may have for wrongful discharge, wrongful termination in violation of public policy, discrimination, harassment, failure to reasonably accommodate, failure to provide leave or time away from work, failure to engage in the interactive process, breach of contract, promissory estoppel or breach of an expressed or implied promise, misrepresentation or fraud, retaliation, reprisal, infliction of emotional distress, failure to pay owed wages, failure to pay overtime, failure to pay or reimburse business expenses, any and all wage and hour claims, whistleblowing, defamation, or any other common law theory of recovery, as well as all claims based on any other theory, whether legal or equitable, whether developed or undeveloped, arising from or related to your employment with the Company, your cessation of employment with the Company, or any other actions, decisions, alleged omissions, or events occurring up through and including the date you sign this Agreement. You represent that you are under the age of 40 (meaning that no release under the Age Discrimination in Employment Act is needed). You understand that you are releasing claims you may not know exist and that it is your knowing and voluntary intent to do so. Despite anything to the contrary in this Agreement, you do not release any right that cannot by law be released. However, while nothing in this Agreement is intended to and/or shall constitute an unlawful release or waiver on your part, by signing this Agreement, you are releasing your right to seek damages in any future proceeding(s) against and/or involving the Company and/or any of the Released Parties, to the greatest extent permitted by law.

(b) Release by Defendant. In exchange for your covenants, and the covenants you've made on the behalf of your heirs, attorneys, agents, insurers, administrators, executors, successors, assigns, and/or other representatives, and to the greatest extent permitted by law, the Released Parties agree to release and forever discharge Plaintiff, for herself, her heirs, her executors, and/or administrators ("Released Plaintiff") from any and all legally waivable claims, demands, sums of money, contracts, controversies, agreements, promises, damages, costs, causes of action and liabilities of any kind or character whatsoever, and all claims brought, or which could have been brought, whether known or unknown, against the Released Plaintiff and claims the Released Parties have or might have, whether known or unknown, including, without limitation, all claims related to Plaintiff's employment with the Releases Parties, all claims the Released Parties could have brought in the Lawsuit, and without limitation, any and all claims in tort, for breach of contract, defamation, invasion of privacy, negligence, fraud or misrepresentation, harassment, property damage and any other claim under statutory or common law, up to and including the date of this Agreement. Despite anything to the contrary in this Agreement, the Released Parties do not release any right that cannot by law be released.

3

7.      Return of Company Property.  You acknowledge that you have returned all Company property in your possession, including, but not limited to, all files, memoranda, documents, records, copies of the foregoing, any Company credit card, laptops, printer, copier, keys, access cards, and any other property of the Company in your possession.  You also acknowledge and agree that you have deleted all Company information from your personal electronic devices, including, but not limited to, all Company e-mail information from your cellular phone.

8.      Non-Disparagement And Neutral Reference.   You agree that you will not disparage or defame Defendant or any of the Released Parties orally or in writing, to any third party, on any web, Internet, or social media site, newspaper or media source of any kind.  The Company agrees to instruct Shqipe Lekaj and Sajie Abdel-Razik to not disparage or defame you orally or in writing, to any third party, on any web, Internet, or social media site, newspaper or media source of any kind. The Company further agrees to provide Plaintiff with a neutral letter of reference including her dates of employment and position(s) held.

9.      No Claims, Charges, or Lawsuits Filed; Court Approval and Dismissal.  You represent and agree that, other than the Action, as of the date you sign this Agreement, you have not instituted or filed any lawsuit, charge, complaint, or claim of any kind against the Company or the Released Parties.  You agree your attorneys will draft and file a Joint Approval Motion and Stipulation of Dismissal of the Action, without prejudice, each Party bearing its own attorneys' fees and costs, in a form to be approved by the Company's counsel, following the approval hearing before the Court.  That stipulation for dismissal shall contain provisions that the dismissal will automatically convert to one with prejudice 14 calendar days after the tendering of the settlement checks.

10.     No Other Sums Due.  You represent that, as of the date you sign this Agreement, inclusive of the consideration above, the Company has paid you all salary, wages, overtime, business expenses, commissions, bonuses, incentives, benefits, and any other compensation or sums due to you arising out of your employment with the Company.

11.     Resignation Date.  Upon your signature, you will be removed as an inactive employee of the Company and your status will be changed to Voluntary: Resigned, effective as of the date of your signature.  As such, all employment privileges and benefits will end as of the date you sign this Agreement.

12.     No Re-Application / No Re-Hire. To the fullest extent permitted by law, you specifically waive (give up) any right you have to reinstatement and/or re-employment with the Company and Released Parties, and you expressly agree never to apply for, seek, or accept re-employment or future employment with the Company or any of the Released Parties.  You release and discharge the Company and the Released Parties from any obligation to consider you for employment or re-employment in any capacity.

13.     Medicare Coverage/Acknowledgment.  You affirm, covenant, and warrant that you are not a Medicare beneficiary and are not currently receiving, have not received in the past, will not have received at the time of payment pursuant to this Agreement, are not entitled to, are

4

not eligible for, and have not applied for or sought Social Security Disability or Medicare benefits. In the event any statement in the preceding sentence is incorrect (for example, but not limited to, if you are a Medicare beneficiary, etc.), the following sentences (i.e., the remaining sentences of this Paragraph) apply. You affirm, covenant, and warrant that you have made no claim for illness or injury against, nor are you aware of any facts supporting any claim against, the released parties under which the released parties could be liable for medical expenses incurred by you before or after the execution of this Agreement. Furthermore, you are aware of no medical expenses which Medicare has paid and for which the released parties are or could be liable now or in the future. You agree and affirm that, to the best of your knowledge, no liens of any governmental entities, including those for Medicare conditional payments, exist. You will indemnify, defend, and hold the released parties harmless from Medicare claims, liens, damages, conditional payments, and rights to payment, if any, including attorneys' fees, and you further agree to waive any and all future private causes of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A), et seq.

14. <u>No Assignment of Rights</u>. You agree that you have not assigned to any person or entity your rights as it relates to the claims you release in this Agreement, and that you have the full authority to enter into this Agreement.

15. <u>Modification/Assignment</u>. This Agreement may not be modified or assigned except by a writing signed by both Parties.

16. <u>Governing Law/Severability</u>. This Agreement shall be governed by the laws of the State of Illinois. If any part of this Agreement is construed to be in violation of any law, rule, or regulation, such part shall be modified to achieve the objective of the Parties to the fullest extent permitted, and the balance of this Agreement shall remain in full force and effect.

17. <u>Valid Agreement</u>. The Parties agree that this Agreement and its releases fully complies with Illinois law and all other laws, statutes, ordinances, regulations, and/or principles of common law governing releases.

18. <u>Representation of Competency, Advice of Counsel, and Knowing and Voluntary Signature</u>. You represent that you are fully and legally competent to execute this Agreement. You acknowledge having had the right and opportunity to review this Agreement with your own legal counsel and have done so. You acknowledge that you have read and fully understand this entire Agreement and knowingly and voluntarily agree to its terms and conditions. You acknowledge that neither the Company, nor any of the Released Parties or agents or attorneys thereof, have made any promise, representation, or warranty whatsoever, express or implied, not contained herein concerning the subject matters hereof to induce you to execute this Agreement, and acknowledge that you have not executed this Agreement in reliance upon any such promise, representation, or warranty. The Parties further represent that this Agreement has been prepared and reviewed by their counsel and, therefore, that its terms will be given their fair meaning and will not be strictly construed for or against either party.

19. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be an original and together shall constitute one Agreement, and that any valid electronic signature shall have the same full force and effect as traditional signature.

20. <u>Entire Agreement</u>. The Parties agree that this Agreement contains the entire agreement between the Parties with respect to the subject matter of this Agreement. The Parties further agree that the Whereas clauses contained in this Agreement are incorporated into and form substantive terms of this Agreement, upon which the Parties have relied.

21. <u>Acknowledgment</u>. YOU AFFIRM THAT YOU HAVE READ THIS AGREEMENT. YOU ACKNOWLEDGE THAT YOU WERE PROVIDED WITH A REASONABLE AND SUFFICIENT PERIOD OF TIME TO REVIEW THIS DOCUMENT AND CONSIDER WHETHER OR NOT TO ACCEPT THIS AGREEMENT PRIOR TO SIGNING THIS AGREEMENT. YOU AGREE THAT THE PROVISIONS OF THIS AGREEMENT ARE UNDERSTANDABLE TO YOU, AND THAT YOU HAVE ENTERED INTO THIS AGREEMENT FREELY AND VOLUNTARILY. YOU AGREE THAT YOU HAVE BEEN REPRESENTED BY COMPETENT COUNSEL THROUGHOUT THE ACTION AND HAD AMPLE OPPORTUNITY TO CONSULT YOUR COUNSEL PRIOR TO SIGNING THIS AGREEMENT.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement by their signatures below.

Dated: _____ **Miracle Lust**

_____

Dated: _____ **LTF Club Management Company, LLC**

_____

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on January 27, 2020 she caused a true and correct copy of the foregoing **JOINT MOTION FOR APPROVAL OF INDIVIDUAL SETTLEMENT** to be filed with the Clerk of the Court using the CM/ECF system which will send electronic notification to the following counsel of record.

>John William Billhorn
>Samuel D. Engelson
>BILLHORN LAW FIRM
>53 West Jackson Blvd., Suite 840
>Chicago, IL 60604
>(312) 853-1450
>*jbillhorn@billhornlaw.com*
>*sengelson@billhornlaw.com*

>*/s/ Melissa A. Siebert*
>Attorney for Defendant